IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COT'N WASH, INC. & <br><br> BIG 3 PACKAGING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE SUN PRODUCTS CORPORATION, <br><br> Defendant. | Civil Action No. 1:12-cv-00651-SLR <br><br> JURY TRIAL DEMANDED |

### COT'N WASH, INC.'S AND BIG 3 PACKAGING, LLC'S REPLY TO COUNTERCLAIMS OF DEFENDANT THE SUN PRODUCTS CORPORATION

Plaintiffs Cot'N Wash, Inc. and Big 3 Packaging, LLC (collectively "Plaintiffs-Counterclaim Defendants") responds to the numbered paragraphs of the Counterclaims filed by Defendant The Sun Products Corporation ("Defendant-Counterclaim Plaintiff") as follows:

### JURISDICTION AND VENUE

1. Admitted in part, denied in part. Plaintiffs-Counterclaim Defendants admit Defendant-Counterclaim Plaintiff's declaratory judgment claims arise under the Patent Laws of the United States, but deny that Defendant-Counterclaim Plaintiff is entitled to any of the declaratory relief that it demands and that this Court has subject matter jurisdiction over Defendant-Counterclaim Plaintiff's declaratory judgment claims regarding any claims of U.S. Patent No. 6,037,319 (the "'319 Patent") that are not asserted by Plaintiffs-Counterclaim Defendants.

2. Admitted in part, denied in part. Plaintiffs-Counterclaim Defendants admit that this Court has subject matter jurisdiction over the claims of the '319 Patent, asserted by

Plaintiffs-Counterclaim Defendants, but denies that this Court has subject matter jurisdiction to the extent that Defendant-Counterclaim Plaintiff seeks a declaratory judgment regarding nonasserted claims.

3. Plaintiffs-Counterclaim Defendants admit that venue is proper, but denied that this Court has subject matter jurisdiction over the nonasserted claims.

4. Plaintiffs-Counterclaim Defendants admit that this Court has personal jurisdiction over Plaintiffs-Counterclaim Defendants for Defendant-Counterclaim Plaintiff's declaratory judgment causes of actions for the '319 Patent claims asserted by Plaintiffs, but deny that there is otherwise personal jurisdiction and specifically deny that this Court has general jurisdiction over Plaintiffs-Counterclaim Defendants.

## PARTIES

5. Admitted.

6. Admitted.

7. Admitted.

## EXISTENCE OF JUSTICIABLE CONTROVERSY

8. Admitted.

9. Admitted.

10. Admitted.

11. Plaintiffs-Counterclaim Defendants admit that they brought this lawsuit in the Court against Defendant alleging infringement of certain claims of the '319 Patent; otherwise denied.

12. Admitted in part, denied in part. Plaintiffs-Counterclaim Defendants admit that this Court has subject matter jurisdiction over the claims of the '319 Patent, asserted by Plaintiffs-Counterclaim Defendants, but denies that this Court has subject matter jurisdiction to

the extent that Defendant-Counterclaim Plaintiff seeks a declaratory judgment regarding nonasserted claims. Plaintiffs-Counterclaim Defendants deny that there is a justiciable controversy over the claims of the '319 Patent that are not asserted by Plaintiffs-Counterclaim Defendants.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '319 Patent

13. Plaintiffs-Counterclaim Defendants reallege and incorporate by reference the allegations of paragraphs 1 through 12 as set forth above as though set forth here in full.

14. Admitted.

15. Plaintiffs-Counterclaim Defendants admit that claims 1, 6, and 7 of the '319 Patent recite, *inter alia,* a "cleaning packet comprising a liquid cleaning concentrate and a water-soluble container containing said concentrate, where said cleaning concentrate comprises less than 7.5 wt. % water," otherwise denied.

16. Plaintiffs-Counterclaim Defendants admit that claim 3 of the '319 Patent recites, *inter alia,* a "cleaning packet comprising a liquid cleaning concentrate and a water-soluble container containing said concentrate . . . wherein said cleaning concentrate comprises less than 5.0 wt. % water," otherwise denied.

17. Denied. Plaintiffs-Counterclaim Defendants' testing shows accused products meeting the limitations of the asserted claims of the '319 Patent.

18. Denied. Plaintiffs-Counterclaim Defendants' testing shows accused products meeting the limitations of the asserted claims of the '319 Patent. Also denied to the extent that Defendant-Counterclaim Plaintiff's assert that Plaintiffs-Counterclaim Defendants were required to test every water-soluble packet produced by Defendant-Counterclaim Plaintiff and further

denied to the extent that Plaintiffs-Counterclaim Defendants do not have access to Defendant-Counterclaim Plaintiff's confidential information.

19. Denied.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '319 Patent

20. Plaintiffs-Counterclaim Defendants reallege and incorporate by reference the allegations of paragraphs 1 through 19 as set forth above as though set forth here in full.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## PLAINTIFFS-COUNTERCLAIM DEFENDANTS' AFFIRMATIVE DEFENSES TO DEFENDANTS-COUNTERCLAIM PLAINTIFF'S COUNTERCLAIMS

### First Affirmative Defense

27. Defendant-Counterclaim Plaintiff fails to state a claim for relief because, *inter alia*, this Court does not have subject matter jurisdiction to the extent that Defendant-Counterclaim Plaintiff seeks a declaratory judgment regarding nonasserted claims.

### Second Affirmative Defense

28. The '319 patent is valid and enforceable, and Defendant-Counterclaim Plaintiff infringes the asserted claims of the '319 Patent. Plaintiffs-Counterclaim Defendants reallege and incorporate by reference the allegations set forth in their Complaint as if set forth herein in full.

## PLAINTIFFS-COUNTERCLAIM DEFENDANTS' REPLY TO DEFENDANTS-COUNTERCLAIM PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiffs-Counterclaim Defendants pray that Defendant-Counterclaim Plaintiff's prayer for relief be completely denied, and that Plaintiffs-Counterclaim Defendants' prayer for relief set forth in their Complaint be granted along with all other relief to Plaintiffs-Counterclaim Defendants that his Court deems proper.

## PLAINTIFFS-COUNTERCLAIM DEFENDANTS' REPLY TO DEFENDANTS-COUNTERCLAIM PLAINTIFF'S JURY DEMAND

Plaintiffs-Counterclaim Defendants admit that Defendant-Counterclaim Plaintiff has demanded a jury trial on all issues triable by a jury.

ROSENTHAL, MONHAIT & GODDESS, P.A.

/s/ Jessica Zeldin

Jessica Zeldin (Del. Bar No. 3558)
919 Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE  19899-1070
(302) 656-4433
jzeldin@rmgglaw.com
  *Attorneys for Plaintiffs*
  *Cot'n Wash Inc. & Big 3 Packaging, LLC*

OF COUNSEL:

Michael J. Bonella
Paul B. Milcetic
Jenna Pellecchia
Tod A. Kupstas
KESSLER, TOPAZ, MELTZER
& CHECK LLP
280 King of Prussia Road
Radnor, PA 19807
(610) 667-7706
mbonella@ktmc.com
pmilcetic@ktmc.com
jpellecchia@ktmc.com
tkupstas@ktmc.com

August 21, 2012