IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COT'N WASH, INC., et. al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HENKEL CORPORATION, et al., )<br>)<br>Defendants. )<br>_____ )<br>)<br>COT'N WASH, INC., et al. )<br>)<br>Plaintiffs, )<br>)<br>THE SUN PRODUCTS CORPORATION )<br>)<br>Defendant. )<br>) | Civ. No. 12-650-SLR<br><br><br><br><br><br><br><br>Civ. No. 12-651-SLR |

**PROPOSED SCHEDULING ORDER**

At Wilmington this ____ day of September 2012, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f) and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED THAT:

1.   **Pre-Discovery Disclosures.**

    (a)   The parties will exchange on or before September 26, 2012 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 including a production of initial disclosure documents.

Proposed Discovery Plan

(b) The parties have adopted this Court's initial patent disclosure requirements set forth in ¶4 of this Court's "Default Standard For Discovery, Including Discovery Of Electronically Stored Information ("ESI")," as follows below.[1]

(1) Within 30 days after the Rule 16 Conference and for each Defendant, Plaintiffs[2] shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce[3] the file history for each asserted patent. Plaintiffs shall produce nonprivileged documents relating to the testing of the accused products related to their allegations in the pleadings.

(2) Within 30 days after receipt of the above, each Defendant shall produce to the Plaintiffs the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications. The core technical documents include exemplary documents regarding Defendants' nonprivileged testing of the accused products that relate to any infringement issues.

(3) Within 30 days after receipt of the above, Plaintiff shall produce to each Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

(4) Within 30 days after receipt of the above, each Defendant shall produce to the Plaintiffs its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents). Nothing herein prevents any

---

[1] As these disclosures are "initial," each party shall be permitted to supplement.
[2] As used herein, "Plaintiffs" refers collectively to Cot'N Wash, Inc. and Big 3 Packaging, LLC.; "Sun" refers to The Sun Products Corporation; "Henkel" refers collectively to Henkel Corporation, The Dial Corporation, and Henkel Consumer Goods Inc.; and "Defendants" refers collectively to "Sun" and "Henkel."
[3] The parties are preserving all claims of privilege, including attorney work-product, attorney-client privilege, and expert privileges, and the disclosures and other provisions herein are subject to those protections.

Proposed Discovery Plan

party from reasonably supplementing its contentions or document production, and/or obtaining and using any third-party documents, as those materials are located during discovery in this action.

**2.     Discovery**

(a)     The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise, except that this does not in any way prohibit any party from taking discovery to prove (or disprove) any liability issues including issues of indirect infringement. If the parties wish, the Court indicated it would be willing to revisit this issue at the January 24, 2013 discovery conference referenced herein.

(b)     Discovery will be needed on the following subjects:

Plaintiffs will take discovery regarding at least the following topics and Plaintiffs believe that there is overlap between some liability and damages issues such as inducement and willfulness and finances/marketing and secondary factors of nonobviousness such as commercial success, copying, licensing, praise, and long-felt need:

(1)     The research and development, manufacturing, design, specifications, and technical information regarding Sun Products' and Henkel's water-soluble laundry detergent packets.

(2)     Marketing materials, product launch packets, and other marketing information regarding Sun Products' and Henkel's water-soluble laundry detergent packets.

(3)     Sun Products' and Henkel's inducement and willfulness, knowledge of the asserted patent, and actions taken in light of their knowledge of the asserted patent to avoid willfulness or inducing others to infringe the asserted patent.

Proposed Discovery Plan

    (4)    Communications between Sun Products and Cot'N Wash and communications between Henkel and Cot'N Wash regarding water-soluble laundry packets.

    (5)    Direct infringement by third-parties that have been induced to infringe including but not limited to private-brand labels and manufactures.

    (6)    Financial information regarding Sun Products's and Henkel's water-soluble laundry packets including but not limit to periodic sales in revenue and units, costs, and profits.

    (7)    Any relevant licensing information.

    (8)    Samples of the accused products.

    (9)    Information regarding manufacturing contracts.

    (10)    Information regarding distribution contracts and private-label contracts and supply to private-label brands;

    (11)    Importance to the industry of water-soluble laundry packets;

    (12)    Defendants' affirmative defenses including allegations of invalidity, the state of the art, alleged prior art;

    (13)    Any of Defendants' contentions that they do not infringe the asserted claims or that Plaintiffs should not be awarded damages or an injunction; and

    (14)    Information related to liability issues that are raised in this case. Both Sun and Henkel believe items 2(b)(3), (4), (6), (7), (9), (10), and (13) above address willfulness and damages and should not be the subject of discovery at this time unless shown to relate to liability issues that are the subject of this phase of the case (see paragraph 2(a) above).

Sun and Henkel will take discovery regarding at least the following topics:

Proposed Discovery Plan

   (1)  The asserted patent, its prosecution history, related patents and applications;

   (2)  Research and development and communications relating to the asserted patent, including but not limited to information regarding each of the products described in the asserted patent and the Examples therein;

   (3)  The alleged conception, reduction to practice, research, and/or development of any of the alleged inventions claimed in the asserted patent and/or any apparatus, product, device, process, method, act, or other instrumentality covered by the asserted patent, including, but not limited to, the contributions of the inventors to the alleged inventions claimed in the asserted patent, evidence regarding any experimentation or testing with respect to the alleged inventions disclosed and/or claimed in the asserted patent, evidence relating to the priority date of the asserted patent, and evidence related to the advantages and/or disadvantage of utilizing or incorporating different elements within the product covered by the asserted patent;

   (4)  The research and development, manufacturing, design, specifications, and technical information regarding Plaintiffs' water-soluble laundry detergent products, including, but not limited to, manufacturing and/or distribution contracts;

   (5)  Ownership of the asserted patent;

   (6)  Plaintiffs' testing and analysis of each accused product and other products that allegedly practice or infringe the asserted patent;

   (7)  Validity and/or invalidity issues related to the asserted patent, including, but not limited to, the state of the relevant art at the time of the invention disclosed in the asserted patent;

Proposed Discovery Plan

 (8) Prior art to the asserted patent, including but not limited to the prior art identified in Sun's and Henkel's answers to Plaintiffs' complaints, and when Plaintiffs and inventors of the asserted patent first became aware of the prior art;

 (9) All products that allegedly practice the asserted patent or infringe the asserted patent;

 (10) Information relating to liability issues that are the subject of this phase of the case including but not limited to commercial success if asserted by Plaintiff's and all bases for those assertions.

 (11) Communications between Cot'N Wash, Inc. and Big 3 Packaging, LLC regarding water-soluble laundry products;

 (12) Samples of Plaintiffs' water-soluble laundry detergent products;

 (13) Any claim by Plaintiffs for any damages;

 (14) Plaintiffs' proposed construction of any terms or phrases in the asserted patent; and

 (15) Plaintiffs-Counterclaim Defendants' affirmative defenses.

Sun and Henkel may also take discovery on the following topics if permitted by the Court in this phase of the case:

 (16) Marketing materials, product launch packets, and other marketing information regarding Plaintiffs' water-soluble laundry detergent products;

 (17) Financial information regarding Plaintiffs' water-soluble laundry products including but not limit to revenues, sales, unit sales, offers for sale, distribution, marketing, licensing, purchase information, earnings, royalties, profits, and/or costs; and

 (18) Any relevant licensing information and/or agreements.

Proposed Discovery Plan

    (c)    All fact discovery shall be commenced in time to be completed by November 15, 2013.

    (1)    Maximum of 25 interrogatories by each party to any other party.

    (2)    In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

    (3)    Maximum of 50 requests for admission by each party to any other party;

    (4)    Discovery of paper and electronic documents (hereafter "e-discovery") shall be completed on or before March 13, 2013. In the absence of an agreement among the parties or by order of the Court, the Court's "Default Standard for Discovery Including Discovery of Electronically Stored Information ("ESI") shall govern. Plaintiffs represent that they will produce documents from all employee named inventors and former employee documents in Plaintiffs' possession or control as if they were a party and former employee named inventors who have relevant documents not in Plaintiffs' control to the extent that they are able to do so. Plaintiffs will inform Defendants as soon as they are able, as they are awaiting a response from the former employee, if they will produce documents from former employee inventors not in Plaintiffs' control as if they were current employees or parties to this lawsuit. Plaintiffs will report on the status on September 28, 2012.

    (5)    Plaintiffs represent that the employee inventor will appear voluntarily for deposition in the United States, and will have the former employee inventor appear

Proposed Discovery Plan

voluntarily for deposition in the United States to the extent that they are able to do so. Plaintiffs will inform Defendants as soon as they are able, as they are awaiting a response from the former employee, if former employee inventors will appear voluntarily for deposition in the United States. Plaintiffs will report on the status on September 28, 2012.

The parties have a disagreement with respect to the procedures for depositions (as outlined in the proposed scheduling order submitted September 14, 2012). If the parties are unable to reach an agreement with respect to depositions before that time, the Court will address this dispute at the January 24, 2013 discovery conference referenced herein.

(6) In the absence of agreement among the parties or by order of Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(d) Expert discovery shall be commenced in time to be completed by March 1, 2014.

(1) Expert reports on issues for which the parties have the burden of proof are due December 19, 2013. Rebuttal reports are due January 23, 2014. Supplemental reports are due February 13, 2014.

(2) Expert depositions are to be limited to a maximum of 7 hours unless extended by agreement of the parties except that if a single expert is attesting to both infringement and validity issues, then he may be deposed for 8 hours.

(3) All Daubert motions shall be filed on or before March 7, 2014.

(e) Supplementations under Rule 26(e) due August 1, 2013.[4]

---

[4] This supplementation date does not relieve the parties of their obligation to timely supplement discovery.

Proposed Discovery Plan

 (f) **Discovery Disputes**

  (1) The Court shall conduct an in-person discovery status conference on January 24, 2013, at 4:30 p.m., the time to be allotted equally among the parties. No motions to compel or for protective order shall be filed absent prior approval of the court.

  (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

 (g) **Fact witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per party in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be governed by Rule 15.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

Proposed Discovery Plan

5.   **Claim Construction Issue Identification.** Sun believes that an early claim construction hearing may be helpful in resolving the case and reserves the opportunity to petition the court for an earlier claim construction schedule after it conducts appropriate discovery. Unless an earlier claim construction schedule is set, the parties shall exchange lists of those claim terms that they believe need construction on June 13, 2013 and their proposed claim construction of those terms on June 20, 2013. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer on June 26, 2013 to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6.   **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file a Joint Claim Construction Statement on July 11, 2013, with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before August 22, 2013. Defendant shall serve and file its answering claim construction brief on or before September 23, 2013. Plaintiff shall serve and file its reply brief on or before October 1, 2013. Defendant shall serve and file its surreply brief on or before October 15, 2013.

7.   **Summary Judgment Motions.**

  (a)   All summary judgment motions shall be served and filed on or before March 7, 2014. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

  (b)   Opening briefs on infringement and invalidity shall be served and filed on or before March 7, 2014.

Proposed Discovery Plan

      (c)     Opening briefs or combined opening-answering briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before March 28, 2014.

      (d)     Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2.

      (e)     Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

      (f)     The hearing on the claim construction and motion(s) for summary judgment will be heard on May 30, 2014 at 9:30 a.m.

      8.     **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

      (a)     Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

      (b)     No telephone calls shall be made to chambers.

      (c)     Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

      9.     **Motions in Limine**. No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

Proposed Discovery Plan

    **10.**    **Pretrial Conference.** Pretrial conferences will be held on August 27, 2014 at 3:30 p.m. and August 27, 2014 at 4:30 p.m. for each of the Defendants in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern both pretrial conferences.

    **11.**    **Trial.** Jury trial for the two cases will commence on September 15, 2014 and September 22, 2014 respectively in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases. If acceptable to the Court, the parties will inform the Court two months before the date of the pre-trial conference which case will go to trial on September 15, 2014 and which case will go to trial on September 22, 2014 and the pretrial conference order. In the absence of agreement, the parties and the Court can address the issue at the pre-trial conference.

    **12.**    **Protective Order**

    The parties are presently negotiating a stipulated protective order, which they will jointly submit to the Court or, should they fail to agree, they shall file any motions for entry of a protective order. Prior to the entry of a protective order, documents and information produced shall be treated on an outside counsel eyes only basis.

                                          _____
                                                  United States District Judge