IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COT'N WASH, INC. and BIG 3 PACKAGING, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 12-651 (SLR) ) |
| THE SUN PRODUCTS CORPORATION, | ) ) ) |
| Defendant. | ) |

## NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE, that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant The Sun Products Corporation intends to serve the subpoenas attached hereto as Exhibits A & B on Lawrence Dickler.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Regina S.E. Murphy*

Jack B. Blumenfeld (#1014)
Regina S.E. Murphy (#5648)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rmurphy@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Errol B. Taylor
Fredrick M. Zullow
Anna Brook
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, NY  10005
(212) 530-5000

August 15, 2013
7465406.1

# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| COT'N WASH, INC & BIG 3 PACKAGING, LLC ) <br> *Plaintiff* ) <br> v.  ) <br> THE SUN PRODUCTS CORPORATION ) <br>  ) <br> *Defendant* ) | Civil Action No. 12-CV-00651-SLR <br><br> (If the action is pending in another district, state where: <br> District of Delaware     ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Lawrence Dickler

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A attached.

| Place: Attn: Lauren Grupper <br> Fitzsimmons <br> 570 West Mount Pleasant Ave., Livingston, NJ 07039 | Date and Time: <br><br> 08/30/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   08/14/2013

          *CLERK OF COURT*
                                              OR          *[signature]*
          _____                         _____
          Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   THE SUN PRODUCTS CORPORATION                                    , who issues or requests this subpoena, are:
Ethan Lee - Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, NY
(T) 212-530-5244 (F) 212-822-5244 (Email) Elee@milbank.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 12-CV-00651-SLR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Lawrence Dickler

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 1:12-cv-00651-SLR Document 72 Filed 08/15/13 Page 5 of 16 PageID #: 340

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A – REQUESTS

**REQUEST NO. 1**

All documents and things relating to the Patent-In-Suit, including but not limited to documents and things related to the prosecution history of the Patent-In-Suit.

**REQUEST NO. 2**

All documents and things relating to the research and development relating to the Patent-In-Suit, including but not limited to laboratory notebooks, internal memoranda or reports of any person involved in the research and development of the invention claimed in the Patent-In-Suit.

**REQUEST NO. 3**

All documents and things relating to the products described in Examples 1 through 14 of the Patent-In-Suit, including but not limited to any studies, tests, analyses, observations or investigations relating to the products' water content and information relating to procedures and equipment used for such testing.

**REQUEST NO. 4**

All documents and things relating to any foreign counterparts to the Patent-In-Suit.

**REQUEST NO. 5**

All documents and things relating to any patents and patent applications related to the Patent-In-Suit, including but not limited to any continuation, continuation-in-part and divisional applications and all reissues, reexaminations and extensions.

**REQUEST NO. 6**

All documents and things relating to the ownership, inventorship, patentability, enforceability, and infringement of any claim of the Patent-In-Suit.

**REQUEST NO. 7**

All documents and things relating to communications by or among any of Plaintiffs, Dickler Chemical Laboratories, Inc., Pak-It, LLC, 310 Holdings, Inc., JBI, Inc., You, and J. Barry Ruck relating to the Patent-In-Suit.

**REQUEST NO. 8**

All documents and things relating to communications by or among any of Plaintiffs, Dickler Chemical Laboratories, Inc., Pak-It, LLC, 310 Holdings, Inc., JBI, Inc., You, and J. Barry Ruck relating to cleaning packets comprising a cleaning concentrate and a water soluble container.

**REQUEST NO. 9**

All documents and things relating to any communication between You and any third party relating to the Patent-In-Suit.

**REQUEST NO. 10**

All documents and things relating to the conception and reduction to practice of the invention claimed in the Patent-In-Suit.

**REQUEST NO. 11**

All documents and things relating to the water content of the invention claimed in the Patent-In-Suit, including but not limited to the method for calculating the water content of the invention claimed in the Patent-In-Suit.

**REQUEST NO. 12**

All documents and things relating to any prior art to the Patent-In-Suit, including but not limited to all prior art brought to your attention by a third party and when you first became aware of the prior art.

**REQUEST NO. 13**

All documents and things relating to any studies, tests, analyses, observations, or investigations relating to any prior art to the Patent-In-Suit conducted by or on behalf of Plaintiffs, any previous owner of the Patent-In-Suit, or any person involved in the research and development of the Patent-In-Suit.

**REQUEST NO. 14**

All scientific publications and articles relating to the development of cleaning packets comprising a cleaning concentrate and a water soluble container.

**REQUEST NO. 15**

All documents and things relating to cleaning packets comprising a cleaning concentrate and a water soluble container.

**REQUEST NO. 16**

All documents and things relating to the water content of cleaning packets comprising a cleaning concentrate and a water soluble container, including but not limited to the method for calculating the water content.

**DEFINITIONS**

As used in these Requests, the following terms have the indicated meaning:

1. "You" and "your" refers to Lawrence Dickler.

2. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), encompassing any designated documents or

electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Any information contained in any magnetic storage media is expressly included within the definition of "Document." A draft or non-identical copy is a separate document within the meaning of this term. "Document" means the original document (or a copy thereof if the original is not available), or drafts of any written, printed, typed, recorded or graphic matter of any kind or description, however produced or reproduced, or any copy thereof which differs in any way from the original, including but not limited to notations, underlining or marking, whether or not in the possession, custody or control of Defendant. "Document" includes, but is not limited to, annual reports, books, bulletins, circulars, written communications, correspondence, letters, charts, checks, contracts, brochures, pamphlets, periodicals, proposals, agreements, promotional literature, sales aids, bills, invoices, orders, diaries, calendars, appointment books, studies, summaries, memoranda, reports, reviews, notes, notebooks, telegrams, telecopies, manuals, policy statements, ledgers, journals, accounting or other work papers, audit reports, income and expense statements, balance sheets, computer printouts, resumes, time edits, time edit summaries, electromagnetically recorded data, discs, graphs, drawings, claims, complaints, petitions, tickets, ticket stubs, applications, evaluations, expense reports, personnel files, employee evaluations, quotas, spreadsheets, employment records, termination notices, employment applications, logs, personnel files, forecasts, credit card receipts, minutes, resolution, notations, messages, inter-office memoranda, intra-office memoranda, files, calculations, spreadsheets, subcontracts, tapes or other recordings, telegrams, pay or salary stubs or receipts, W-2 forms, and federal and state tax returns.

4

   3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). "Communication" includes all written communications and, with respect to oral communications, includes, but is not limited to, every discussion, conversation, conference, meeting, interview or telephone call.

   4. "Person" or "Persons" includes natural persons, corporations, partnerships, associations, and other legal entities, and governments or governmental bodies, commissions, boards or agencies.

   5. "Identify" means:

   a. With respect to a natural person, his or her name, and present or last known home and business address (including street name and number, city or town, state, zip code, and telephone number), his or her present or last known job title or position, and the dates of his or her tenure in each such job title or position;

   b. With respect to a person other than a natural person, its full name and type of organization, and the address of its principal place of business (including street name and number, city or town, state, zip code, and telephone number);

   c. With respect to a document, the type of document (e.g., record, list, memorandum, report, etc.), date, title, contents, identification of the person who prepared the document, identification of the person for whom the document was prepared or to whom it was delivered; if the document requested to be identified is not in the possession, custody or control of plaintiffs, the identification of the person who has possession, custody or control over the original of the document, each person who has possession, custody or control over each copy of the document; if the document requested to be identified has been destroyed, the date the document was destroyed, the reason for its destruction, and identification of the person who destroyed the document and of any person who directed that the document be destroyed.

   6. "Describe" means to give an account of the salient characteristics of the subject asked to be described, including where applicable all official names, designations, job titles, job descriptions, missions, purposes, dates and duration of operations or functions and facts and documents supporting the requested description.

5

7. "Relating" or "Related" to any given subject means constituting, containing, concerning, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way pertinent to that subject.

8. "Plaintiff" or "Plaintiffs" refers to Cot'N Wash, Inc. and/or Big 3 Packaging, LLC any and all affiliates, divisions, subsidiaries, parents, predecessors and successors, and all persons acting on their behalf.

9. "Defendant" refers to The Sun Products Corporation.

10. The "Patent-In-Suit" means U.S. Patent No. 6,037,319.

11. "Prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

# EXHIBIT B

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| COT'N WASH, INC. & BIG 3 PACKAGING, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. No. 12-CV-651 (SLR) |
| THE SUN PRODUCTS CORPORATION | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Lawrence Dickler

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Milbank Tweed, 1 Chase Manhattan Plaza, New York, NY 10005 | Date and Time: 10/07/2013 10:00 am |
|---|---|

The deposition will be recorded by this method: __Stenographically recorded and may be videotaped__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __08/14/2013__

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __THE SUN PRODUCTS CORPORATION__, who issues or requests this subpoena, are:
Ethan Lee - Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, NY
(T) 212-530-5244 (F) 212-822-5244 (Email) Elee@milbank.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. No. 12-CV-651 (SLR)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 15, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Jessica Zeldin, Esquire<br>ROSENTHAL, MONHAIT & GODDESS, P.A.<br>919 Market Street, Suite 1401<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Michael J. Bonella, Esquire<br>Paul B. Milcetic, Esquire<br>Jenna Pellecchia, Esquire<br>Tod A. Kupstas, Esquire<br>KESSLER, TOPAZ, MELTZER & CHECK LLP<br>280 King of Prussia Road<br>Radnor, PA  19807 | *VIA ELECTRONIC MAIL* |

*/s/ Regina S.E. Murphy*

Regina S.E. Murphy (#5648)