IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COT'N WASH, INC. and<br>BIG 3 PACKAGING, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE SUN PRODUCTS CORPORATION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 12-651 (SLR)<br>)<br>)<br>)<br>) |

**NOTICE OF DEPOSITION OF PLAINTIFF BIG 3 PACKAGING, LLC**
**PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure, on November 6, 2013, commencing at 9:30 AM, at the offices of Milbank, Tweed, Hadley & McCloy, LLP, One Chase Manhattan Plaza, New York, NY 10005-1413, or at such other mutually agreeable date and location, before an officer authorized to administer oaths, Defendant The Sun Products Corporation will take the deposition, upon oral examination, of Plaintiff Big 3 Packaging, LLC, in the above referenced case.

Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff shall produce to testify on their behalf one or more officers, directors, managing agents, or other persons who consent to testify on behalf of Plaintiff Big 3 Packaging, LLC and have knowledge of the subject areas set forth in Attachment A. The deposition will be transcribed by stenographic means and/or videotaped before a Notary Public or other officer authorized by law and pursuant to the Federal Rules of Civil Procedure, and will continue from day to day until completed, with such adjournments as to time and place as may be necessary.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Regina S.E. Murphy* |
|  | _____ |
|  | Jack B. Blumenfeld (#1014) |
|  | Regina S.E. Murphy (#5648) |
|  | 1201 North Market Street |
|  | P.O. Box 1347 |
|  | Wilmington, DE  19899 |
|  | (302) 658-9200 |
|  | jblumenfeld@mnat.com |
|  | rmurphy@mnat.com |
| OF COUNSEL: | *Attorneys for Defendant The Sun Products Corporation* |
| Errol B. Taylor |  |
| Fredrick M. Zullow |  |
| Anna Brook |  |
| MILBANK, TWEED, HADLEY & MCCLOY LLP |  |
| 1 Chase Manhattan Plaza |  |
| New York, NY  10005 |  |
| (212) 530-5000 |  |
| October 9, 2013 |  |
| 7633369.2 |  |

## ATTACHMENT A

## TOPICS OF TESTIMONY

1. All facts and circumstances relating to the Patent-In-Suit, including but not limited to:

    a. The research and development leading to the Patent-In-Suit;

    b. The individual contribution of each named inventor and of anyone not named as an inventor to the claimed invention in the Patent-In-Suit;

    c. The state of the existing technology (e.g., without limitation, as disclosed in patents, patent applications, publications, presentations, or products) prior to April 1997 relevant to the Patent-In-Suit, including Plaintiffs' knowledge and first awareness of the existing technology relevant to the Patent-In-Suit, and any attempts to manufacture or replicate the disclosures of the existing technology;

    d. Public use, sale, or offers for sale of the invention claimed in the Patent-In-Suit prior to April 1996 and April 1997;

    e. Manufacture, use, sale, or offer for sale of liquid cleaning products that are designed to be placed in, or are placed in, water soluble containers, including but not limited to those with a known water content;

    f. The application that led to the Patent-In-Suit and the prosecution history of the Patent-In-Suit;

    g. The factual bases and any work conducted (e.g., testing, manufacture, replication of existing technology) in connection the Patent-In-Suit and with the Declarations of J. Barry Ruck submitted during the prosecution of the application that led to the Patent-In-Suit;

    h. Sales and profitability of, marketing for, publications and other materials discussing the invention claimed in the Patent-In-Suit;

    i. Products similar to the invention claimed in the Patent-In-Suit, and manufacture and sale by others of such products;

    j. The failure of third parties to make, use or sell products similar to the invention claimed in the Patent-In-Suit;

    k. The alleged problems that the invention claimed in the Patent-In-Suit attempted to solve or solved;

    l. Any negative statements about, concerns regarding, problems with, or shortcomings of the invention claimed in the Patent-In-Suit;

    m.    Skepticism of third parties regarding the invention claimed in the Patent-In-Suit, and any suggestions or teaching by others that the invention claimed in the Patent-In-Suit was not possible or feasible;

    n.    The ownership of the Patent-In-Suit, and all facts and circumstances relating to any transfer of ownership of the Patent-In-Suit.

2.    All facts and circumstances relating to Examples 1-14 in the Patent-In-Suit, including but not limited to:

    a.    When the examples were made;

    b.    Who made the products described in the examples;

    c.    Why the examples were made;

    d.    Any studies, analyses or testing conducted on the cleaners, conditioners, detergents, presoaks, delimers, odor suppressants, washes and other products described in the examples;

    e.    When any studies, analyses or tests were conducted, how they were conducted, the procedures for and results of any studies, analyses or tests conducted;

    f.    Other formulations made contemporaneously but not included as an example in the patent application including the composition of the formulation (including water content), and why it was not included in the patent application;

    g.    Why the examples were written in the present test even though they are alleged to not be prophetic.

3.    All facts and circumstances relating to Plaintiffs' Cleaning Packets (including without limitation all products Plaintiffs identified in response to Interrogatory No. 8) including but not limited to:

    a.    The formula, materials, and specifications for each of Plaintiffs' Cleaning Packets;

    b.    The manufacturing and quality assurance protocols and processes for each of Plaintiffs' Cleaning Packets;

    c.    The water content of Plaintiffs' Cleaning Packets, including how and when it is tested during or after manufacture of Plaintiffs' Cleaning Packets and the results of such tests;

    d.    The sales, distribution and marketing for each of Plaintiffs' Cleaning Packets;

    e.    Sales and profitability of (or lack thereof), marketing for, and publications and other materials discussing Plaintiffs' Cleaning Packets, and how (and if) they

  relate to the Patent-In-Suit and the specific properties of Plaintiffs' Cleaning Packets that are disclosed in the Patent-In-Suit;

  f. Any negative statements about, concerns regarding, problems with, or shortcomings of Plaintiffs' Cleaning Packets or Plaintiffs' manufacturing process or capacity to manufacture Plaintiffs' Cleaning Packets;

  g. The identity of all third parties that manufacture any part of Plaintiffs' Cleaning Packets;

  h. Plaintiffs' communications with third party manufacturers of any of Plaintiffs' Cleaning Packets and third party manufacturers' role in the design, development and manufacture of Plaintiffs' Cleaning Packets;

  i. Marking any of Plaintiffs' Cleaning Packets with the Patent-In-Suit and all bases for marking Plaintiffs' Cleaning Packets, including how Plaintiffs determine which products are appropriate to mark (e.g., without limitation, what tests, analyses, and observations Plaintiffs undertake to determine if a product should be marked with the Patent-In-Suit).

4. All facts and circumstances relating to Thomas G. Cicini's involvement (e.g., without limitation, research, development, formulation, demonstration of formulations to others, preparation of the patent application, examples in the patent application and other contemporaneously made products) and work with Plaintiffs' Cleaning Packets or the Patent-In-Suit.

5. All facts and circumstances relating to Greensol, including but not limited to:

  a. The December 7, 1995 Letter of Intent between DCL and Greensol (B3P-00028329-0028332);

  b. The 1996 License Agreement between DCL and Greensol (B3P-00028299-00028328);

  c. Communications, interactions, and visits between Plaintiffs (including predecessors in interest), J. Barry Ruck or Lawrence Dickler and Greensol;

  d. The manufacture, specifications, properties, and any testing conducted on any laundry product comprising a water-soluble film manufactured, used, sold or offered for sale by Greensol.

6. Any studies, tests, analyses, observations or investigations conducted by or on behalf of Plaintiffs on any product that Plaintiffs allege infringes the Patent-In-Suit in this action, including but not limited to testing procedures, how and when tests were conducted, chain of custody of product samples tested, storage and storage conditions of any samples tested, and any factors that influence test results.

7. All facts and circumstances related to discussions between Sun and Cot'N Wash regarding a potential transaction between Sun and Cot'N Wash.

8. Licenses and agreements relating to the Patent-In-Suit including but not limited to:

    a. All facts and circumstances relating to the agreements to license the Patent-In-Suit between B3P and Cot'N Wash;

    b. All facts and circumstances relating to agreements between DCL and Reckitt Benckiser (*e.g.* CWS0000409-0000426 and CWS0000391-0000400), including but not limited to whether Reckitt Benckiser exercised the option to obtain rights to the Patent-in-Suit in the consumer field category of laundry aids;

    c. All facts and circumstances relating to agreements to license the Patent-In-Suit to any other party.

9. All facts and circumstances relating to any due diligence performed by Plaintiffs on each other, the Patent-In-Suit, DCL, Pak-It LLC, 310 Holdings, Inc., and/or JBI, Inc., or any other entity that owned or licensed the Patent-In-Suit.

10. All communications between Plaintiffs and third parties regarding this litigation.

11. All communications between Plaintiffs and Lawrence Dickler.

12. The existence of, location and ownership over time of documents relating to the research and development, conception and reduction to practice of the Patent-In-Suit and documents relating to the manufacture and testing of the examples of the Patent-In-Suit, including final disposition, storage, loss, or destruction of any such documents.

13. Plaintiffs' policies, practices, and guidelines concerning the preservation of documents.

14. All steps taken by Plaintiffs to search for and produce documents and electronically stored information in connection with or in anticipation of this litigation.

15. The identification of the persons most knowledgeable regarding the topics contained in Attachment A.

16. All documents and things considered regarding the topics contained in Attachment A.

## **DEFINITIONS**

1. "Plaintiffs" means Big 3 Packaging, LLC and Cot'N Wash, Inc., including any of its predecessors or successors in interest, past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all persons acting on its behalf.

2. "B3P" means Big 3 Packaging, LLC including any of its predecessors or successors in interest, past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all persons acting on its behalf.

3. "Cot'N Wash" means Cot'N Wash, Inc. including any of its predecessors or successors in interest, past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all persons acting on its behalf.

4. "DCL" means Dickler Chemical Laboratories, Inc. including any of its predecessors or successors in interest, past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all persons acting on its behalf.

5. "Reckitt Benckiser" means Reckitt Benckiser Inc. including any of its predecessors or successors in interest, past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all persons acting on its behalf.

6. "Greensol" means Greensol SA of Sens, France including any of its predecessors or successors in interest, past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all persons acting on its behalf.

7. "Patent-In-Suit" means U.S. Patent No. 6,037,319.

8. "Relate," "related to," and "relating to" shall be defined to include, by way of example and without limitation, concerning, referring to, alluding to, responding to, summarizing, reflecting, analyzing, constituting, containing, embodying, pertaining to, involved with, mentioning, consisting of, comprising, showing, commenting on, evidencing, describing, discussing, showing, connected with, commenting upon, in respect of, about or being.

9. The terms "communication," "communicated," or "communications" mean any transmission of letters, numbers, images, symbols, data or other information by any means, including, but not limited to any oral, written, or electronic means.

10. "Plaintiffs' Cleaning Packets" means any cleaning packet comprising a cleaning concentrate and a water soluble container that Plaintiffs, or third parties on Plaintiffs' behalf, manufacture, license, sell, or provide, including but not limited to the products identified in Plaintiffs' response to Sun's Interrogatory No. 8.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 9, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Jessica Zeldin, Esquire<br>ROSENTHAL, MONHAIT & GODDESS, P.A.<br>919 Market Street, Suite 1401<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Michael J. Bonella, Esquire<br>Jenna Pellecchia, Esquire<br>Tod A. Kupstas, Esquire<br>KESSLER, TOPAZ, MELTZER & CHECK LLP<br>280 King of Prussia Road<br>Radnor, PA  19807 | *VIA ELECTRONIC MAIL* |

*/s/ Regina S.E. Murphy*

Regina S.E. Murphy (#5648)