IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COT'N WASH, INC. and ) 
BIG 3 PACKAGING, LLC )
 )
Plaintiffs, )
 )
v. ) C.A. No. 1:12-cv-00651-SLR
 )
THE SUN PRODUCTS )
CORPORATION, ) JURY TRIAL DEMANDED
 )
Defendant. )

## PLAINTIFF COT'N WASH, INC.'S OBJECTIONS TO DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF COT'N WASH, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)

Pursuant to Rules 26 and 32 of the Federal Rules of Civil Procedure, Plaintiff Cot'n Wash, Inc. ("Cot'n Wash"), by and through its attorneys, provides the following written objections to Defendant The Sun Products Corporation's ("Sun Products") Notice of Deposition of Plaintiff Cot'n Wash, Inc. pursuant to Fed. R. Civ. P. 30(b)(6):

### GENERAL OBJECTIONS

1.  Cot'n Wash incorporates by reference its General Objections as set forth in its discovery responses and objections to Sun Products' definitions and instructions.

2.  Cot'n Wash objects to Sun Products' 30(b)(6) Notice to the extent it purports to impose on Plaintiffs duties and obligations beyond those required by the Federal Rules of Civil Procedure, Federal Rules of Evidence, local rules for the United States District Court for the District of Delaware, and other applicable provisions of law.   Cot'n Wash responds in accordance with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and local rules

for the United States District Court for the District of Delaware, and other applicable provisions of law, not in accordance with Sun Products' "definitions" and "instructions."

3.    Cot'n Wash objects to Sun Products' 30(b)(6) Notice to the extent that it is overbroad, vague or ambiguous, and/or to the extent that the discovery sought is unreasonably cumulative, duplicative or unduly burdensome.

4.    Cot'n Wash objects to Sun Products' 30(b)(6) Notice to the extent that it seeks information that is not relevant to the subject matter or issues involved in this litigation, pled claims or defenses, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

5.    Cot'n Wash objects to Sun Products' 30(b)(6) Notice to the extent that the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, Rule 26 immunity for experts, or any other applicable privilege or protection. This objection includes, but is not limited to, information that relates to mental impressions, conclusions, opinions, or legal theories of an attorney or representative of Plaintiffs concerning the litigation. Attorney-client communications and attorney work product will not be disclosed in response to Sun Products' 30(b)(6) Notice.

6.    Cot'n Wash objects to Sun Products' 30(b)(6) Notice to the extent that it calls for information that is publicly available and/or equally accessible to Sun Products from another source.

7.    Cot'n Wash objects to Sun Products' demand to "produce to testify on their behalf one or more officers, directors, managing agents, or other persons who consent to testify on behalf of Plaintiff Cot'n Wash, Inc. and have knowledge of the subject areas set forth in Attachment A" because this far exceeds the requirements of Rule 30(b)(6).  As required by Rule

30(b)(6), Cot'n Wash will designate person(s) who will only testify about non-privileged information known or reasonably available to Cot'n Wash regarding the non-objectionable topics set forth in Sun Products' 30(b)(6) Notice.

8.  Cot'n Wash objects to Sun Products' demand to conduct the deposition such that it continues "from day to day until completed" as exceeding the limit of one (1) day of seven (7) hours set forth in Rule 30(d)(1).

9.  Cot'n Wash generally objects to the Sun Products' 30(b)(6) Notice as unduly broad and burdensome because it contains 16 topics, many of which contain multiple subparts (for example topic 1 has 14 subparts, topic 2 has 7 subparts, topic 3 has 9 subparts, topic 5 has 4 subparts and topic 8 has 3 subparts) and/or are directed to irrelevant subject matter and/or have no relation to one another. Further, much of the information requested is cumulative or duplicative of other discovery in this case. Accordingly, Cot'n Wash generally objects to the Sun Products' 30(b)(6) Notice because it imposes a significant and unreasonable burden on Cot'n Wash in being required to designate person(s) capable of testifying about non-privileged information known or reasonably available to Cot'n Wash with respect to all 16 topics and multiple subparts. Such an immense burden far outweighs the evidentiary benefits (if any) of the information sought by Sun Products.

10.  Cot'n Wash objects to the noticed location of the deposition. Cot'n Wash will make one or more witnesses available to testify at Plaintiff's counsel's offices in Radnor, PA.

11.  Cot'n Wash objects to Sun Products definition of "Plaintiffs" and Sun Products' topics that incorporate that definition and demand that Cot'n Wash testimony about information regarding a separate company, Big 3 Packaging, LLC. Cot'n Wash and B3P are separate companies, and Cot'n Wash has limited information regarding B3P.

3

12.     Cot'n Wash objects to Sun Products definition of Cot'n Wash as including anything other than Cot'n Wash, Inc.

13.     Cot'n Wash objects to Sun Products definition of B3P as including anything other than Big 3 Packaging, LLC.

14.     Cot'n Wash objects to Sun Products definition of "DCL" as including anything other than Dickler Chemical Laboratories, Inc.

15.     Cot'n Wash objects to Sun Products definition of Reckitt Benckiser as including anything other than Reckitt Benckiser Inc.

16.     Cot'n Wash objects to Sun Products definition of "Greeensol" as including anything other than "Greensol SA."

17.     Cot'n Wash objects to Sun Products definition of "Plaintiffs' Cleaning Packets" and the topics that incorporate them to the extent that include other companies' products.

## SPECIFIC OBJECTIONS TO SUN PRODUCTS' 30(b)(6) NOTICE TOPICS

**TOPIC 1**

1. All facts and circumstances relating to the Patent-In-Suit, including but not limited to:

a. The research and development leading to the Patent-In-Suit;

b. The individual contribution of each named inventor and of anyone not named as an inventor to the claimed invention in the Patent-In-Suit;

c. The state of the existing technology (e.g., without limitation, as disclosed in patents, patent applications, publications, presentations, or products) prior to April 1997 relevant to the Patent-In-Suit, including Plaintiffs' knowledge and first awareness of the existing technology relevant to the Patent-In-Suit, and any attempts to manufacture or replicate the disclosures of the existing technology;

d. Public use, sale, or offers for sale of the invention claimed in the Patent-In-Suit prior to April 1996 and April 1997;

e. Manufacture, use, sale, or offer for sale of liquid cleaning products that are designed to be placed in, or are placed in, water soluble containers, including but not limited to those with a known water content;

f. The application that led to the Patent-In-Suit and the prosecution history of the Patent-In-Suit;

g. The factual bases and any work conducted (e.g., testing, manufacture, replication of existing technology) in connection the Patent-In-Suit and with the Declarations of J. Barry Ruck submitted during the prosecution of the application that led to the Patent-In-Suit;

h. Sales and profitability of, marketing for, publications and other materials discussing the invention claimed in the Patent-In-Suit;

i. Products similar to the invention claimed in the Patent-In-Suit, and manufacture and sale by others of such products;

j. The failure of third parties to make, use or sell products similar to the invention claimed in the Patent-In-Suit;

k. The alleged problems that the invention claimed in the Patent-In-Suit attempted to solve or solved;

l. Any negative statements about, concerns regarding, problems with, or shortcomings of the invention claimed in the Patent-In-Suit;

m. Skepticism of third parties regarding the invention claimed in the Patent-In-Suit, and any suggestions or teaching by others that the invention claimed in the Patent-In-Suit was not possible or feasible;

n. The ownership of the Patent-In-Suit, and all facts and circumstances relating to any transfer of ownership of the Patent-In-Suit.

**Objections to Topic 1**

Cot'n Wash objects to Topic 1 because it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and Cot'n Wash will not provide a witness

to testify about such privileged information because that information is outside the scope of discovery as set forth in Rule 26(b).

Cot'n Wash objects to topics (a) and (b) as it has limited information about the research and development and individual contributions as the persons that were involved in the research and development do not work for Cot'n Wash. That topic is best addressed to Mr. Dickler and Dr. Ruck.

Cot'n Wash objects to topic (c) as vague and undefined as requesting testimony about the "state of the existing technology" and the "existing technology" is not defined so Sun Products has not delineated what information it wants a witness to be prepared on. Cot'n Wash objects to topic (c) as demanding expert testimony, not fact witness testimony. Cot'n Wash will present an expert witness at the appropriate time in the scheduling order. Also, Cot'n Wash objects to topic (c) as it has limited information concerning the topic.

Cot'n Wash objects to topic (d) as vague as there are no "public use, sales, or offers for sale" defined. Cot'n Wash is not aware of any public uses, sales or offers for sale, so it has no witness to testify on this topic.

Cot'n Wash objects to topic (e) as vague and undefined as it relates to any "liquid cleaning products" as defined in the subpart and Cot'n Wash has no idea what products it is supposed to prepare a witness to be knowledgeable about.

Cot'n Wash objects to topic (f) as demanding expert testimony. Cot'n Wash will present an expert witness at the appropriate time in the scheduling order. The inventors do not work for Cot'n Wash, so Cot'n Wash does not have factual information concerning the application and the prosecution history. Also, the prosecuting attorney is a third-party.

Cot'n Wash objects to topic (g) as none of the persons who conducted work in connection with the Patent-In-Suit and that were involved with Dr. Ruck's declaration work for Cot'n Wash. This topic is best addressed to the inventors or an expert to the extent it solicits expert testimony regarding the declarations.

Cot'n Wash objects to topic (h) as demanding testimony regarding the "sales and profitability of, marketing for, publications, and other materials discussing the invention claimed in the Patent-In-Suit" as irrelevant to the pled claims and defenses and not reasonably calculated to lead to the discovery of admissible evidence. With respect to "publications," topic (h) is vague. Cot'n Wash interprets this as limited to publications discussing the invention claimed in the patent in suit.

Cot'n Wash objects to topic (i) because "products similar to the invention" is undefined. Cot'n Wash cannot know what Sun Products contends is similar and cannot prepare a witness based on this vague topic. Moreover, Cot'n Wash objects to having to prepare a witness regarding "manufacturing and sale by others."

Cot'n Wash objects to topic (j) as undefined with respect to time and what third-parties it is referring to, so it is impossible for Cot'n Wash to prepare a witness on this topic regarding undefined third-parties.

Cot'n Wash objects to topic (k) as demanding expert testimony. Cot'n Wash will present an expert witness at the appropriate time in the scheduling order.

Cot'n Wash objects to topic (l) as vague as demanding topics regarding undefined "negative statements." Cot'n Wash cannot prepare a witness to testify about unidentified statements.

Cot'n Wash objects to topic (m) as demanding expert testimony.  Cot'n Wash will present an expert witness at the appropriate time in the scheduling order.

Cot'n Wash objects to topic (n) to the extent that Cot'n Wash is a licensee of the Patenet-In-Suit and has not been involved in assignments of the Patent-In-Suit.  Cot'n Wash has limited knowledge about the "ownership of the Patent-In-Suit."

**TOPIC 2**

All facts and circumstances relating to Examples 1-14 in the Patent-In-Suit, including but not limited to:

a. When the examples were made;

b. Who made the products described in the examples;

c. Why the examples were made;

d. Any studies, analyses or testing conducted on the cleaners, conditioners, detergents, presoaks, delimers, odor suppressants, washes and other products described in the examples;

e. When any studies, analyses or tests were conducted, how they were conducted, the procedures for and results of any studies, analyses or tests conducted;

f. Other formulations made contemporaneously but not included as an example in the patent application including the composition of the formulation (including water content), and why it was not included in the patent application;

g. Why the examples were written in the present tense even though they are alleged to not be prophetic.

**Objections to Topic 2**

Cot'n Wash objects to Topic 2 to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Cot'n Wash further objects because this topic seeks information that is duplicative and/or cumulative to information already provided in response to other discovery requests, *see, e.g.,* Plaintiffs' response to Sun Products' Interrogatories 4 and 5.

Cot'n Wash objects to topic 2 as it has limited information about Examples 1-14 in the Patent-In-Suit as the persons involved do not work for Cot'n Wash. This topic is best addressed to Mr. Dickler and Dr. Ruck.

Based on current information, Cot'n Wash has no knowledge regarding "other formulations" as set forth in topic 2(f).

Cot'n Wash further objects to providing a witness to testify about the prosecution of the '319 patent when the main person involved with the prosecution was a third-party, an outside attorney.

Cot'n Wash is a licensee of the Patent-in- Suit and was not involved in obtaining the

Patent-in-Suit.

## TOPIC 3

All facts and circumstances relating to Plaintiffs' Cleaning Packets (including without limitation all products Plaintiffs identified in response to Interrogatory No. 8) including but not limited to:
    a. The formula, materials, and specifications for each of Plaintiffs' Cleaning Packets;
    b. The manufacturing and quality assurance protocols and processes for each of Plaintiffs' Cleaning Packets;
    c. The water content of Plaintiffs' Cleaning Packets, including how and when it is tested during or after manufacture of Plaintiffs' Cleaning Packets and the results of such tests;
    d. The sales, distribution and marketing for each of Plaintiffs' Cleaning Packets;
    e. Sales and profitability of (or lack thereof), marketing for, and publications and other materials discussing Plaintiffs' Cleaning Packets, and how (and if) they relate to the Patent-In-Suit and the specific properties of Plaintiffs' Cleaning Packets that are disclosed in the Patent-In-Suit;
    f. Any negative statements about, concerns regarding, problems with, or shortcomings of Plaintiffs' Cleaning Packets or Plaintiffs' manufacturing process or capacity to manufacture Plaintiffs' Cleaning Packets;
    g. The identity of all third parties that manufacture any part of Plaintiffs' Cleaning Packets;
    h. Plaintiffs' communications with third party manufacturers of any of Plaintiffs' Cleaning Packets and third party manufacturers' role in the design, development and manufacture of Plaintiffs' Cleaning Packets;
    i. Marking any of Plaintiffs' Cleaning Packets with the Patent-In-Suit and all bases for marking Plaintiffs' Cleaning Packets, including how Plaintiffs determine which products are appropriate to mark (e.g., without limitation, what tests, analyses, and observations Plaintiffs undertake to determine if a product should be marked with the Patent-In-Suit).

## Objection to Topic 3

Cot'n Wash objects to Topic 3 to the extent that it seeks information protected by the

attorney-client privilege and/or attorney work product doctrine.

Cot'n Wash objects to this Topic as requesting information out of the control of Cot'n

Wash that should be sought from a another party, such as B3P, as Cot'n Wash has very limited

information regarding any of the topics as they relate to B3P's products.

Without waiving its general and specific objections, Cot'n Wash will present a witness(es) to testify regarding information known by or reasonably available to Cot'n Wash.

**TOPIC 4**

All facts and circumstances relating to Thomas G. Cicini's involvement (e.g., without limitation, research, development, formulation, demonstration of formulations to others, preparation of the patent application, examples in the patent application and other contemporaneously made products) and work with Plaintiffs' Cleaning Packets or the Patent-In-Suit.

**Objection to Topic 4**

Cot'n Wash objects to Topic 4 to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Cot'n Wash further objects to Topic 4 because it is directed to information not relevant to any claim or defense in the case. Sun Products has not raised any defense based on prior invention or invention by another or failure to disclose material information that would make the information sought by Topic 4 relevant.

Further, Cot'n Wash is a licensee of the Patent-in-Suit and was not involved in obtaining the Patent-in-Suit. Also, Thomas G. Cicini was not and is not an employee of Cot'n Wash and Cot'n Wash is unaware of any purported relationship between Cot'n Wash and Thomas G. Cicini or Cot'n Wash's cleaning packets and Thomas G. Cicini. To Cot'n Wash's knowledge, Mr. Cicini was not involved in Cot'n Wash's cleaning packets. Based on current information, Cot'n Wash is not aware of any involvement with respect to Mr. Cicini, so there is no testimony that it can provide regarding Mr. Cicini's alleged involvement.

**TOPIC 5**

All facts and circumstances relating to Greensol, including but not limited to:

a. The December 7, 1995 Letter of Intent between DCL and Greensol (B3P-00028329-0028332);

b. The 1996 License Agreement between DCL and Greensol (B3P-00028299-00028328);

c. Communications, interactions, and visits between Plaintiffs (including predecessors in interest), J. Barry Ruck or Lawrence Dickler and Greensol;

d. The manufacture, specifications, properties, and any testing conducted on any laundry product comprising a water-soluble film manufactured, used, sold or offered for sale by Greensol.


**Objection to Topic 5**

Cot'n Wash objects to Topic 5 to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Cot'n Wash is not aware of any communications, interactions, and visits between Cot'n Wash and Greensol, so there is no testimony to provide on that point.

Cot'n Wash is not aware of any communications, interactions, and visits between B3P and Greensol, so there is no testimony to provide on that point.

Cot'n Wash further objects to Topic 5 because it is directed to information not relevant to any claim or defense in the case. Sun Products has not raised any defense based on prior invention or invention by another or failure to disclose material information that would make the information sought by Topic 5 relevant.

Cot'n Wash objects to topic (a) as the identified document is not executed, so it is not clear what it is.

Cot'n Wash objects to topic (b) as the identified document is not an agreement; it is not executed, so Cot'n Wash objects to characterizing it as an agreement.

Cot'n Wash objects to topic (d) as not identifying any actual products; Cot'n Wash cannot provide a witness regarding unidentified products.

Further, Cot'n Wash has no employees that were involved with obtaining the patent or any alleged activities with respect to Greensol.

Based on current information, Cot'n Wash has no information regarding Greensol, so there is no testimony that it can provide regarding Greensol.

**TOPIC 6**

Any studies, tests, analyses, observations or investigations conducted by or on behalf of Plaintiffs on any product that Plaintiffs allege infringes the Patent-In-Suit in this action, including but not limited to testing procedures, how and when tests were conducted, chain of custody of product samples tested, storage and storage conditions of any samples tested, and any factors that influence test results.

**Objection to Topic 6**

Cot'n Wash objects to Topic 6 to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Cot'n Wash further objects to Topic 6 because it is directed to subject matter more appropriate for expert testimony and information outside the control of Cot'n Wash, such as testing procedures, how and when tests were conducted, chain of custody of product samples tested, storage and storage conditions of any samples tested, and any factors that influence test results. Cot'n Wash will provide an expert witness(es) as the appropriate time in the scheduling order and will provide a fact witness with respect to independent testing that Cot'n Wash peformed.

**TOPIC 7**

All facts and circumstances related to discussions between Sun and Cot'N Wash regarding a potential transaction between Sun and Cot'N Wash.

**Objection to Topic 7**

Cot'n Wash objects to Topic 7 to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving its general and specific objections, Cot'n Wash will present witness(es) to testify about non-privileged information known by or reasonably available to Cot'n Wash regarding Topic 7.

**TOPIC 8**

Licenses and agreements relating to the Patent-In-Suit including but not limited to:

a. All facts and circumstances relating to the agreements to license the Patent-In-Suit between B3P and Cot'N Wash;

b. All facts and circumstances relating to agreements between DCL and Reckitt Benckiser (*e.g.* CWS0000409-0000426 and CWS0000391-0000400), including but not limited to whether Reckitt Benckiser exercised the option to obtain rights to the Patent-in-Suit in the consumer field category of laundry aids;

c. All facts and circumstances relating to agreements to license the Patent-In-Suit to any other party.


**Objection to Topic 8**

Cot'n Wash objects to Topic 8 to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Cot'n Wash further objects to Topic 8 because it has little information regarding the facts and circumstances regarding the agreements between Dickler Chemical and Reckitt Benckiser, and the facts and circumstances regarding other prior license agreements that Dickler Chemical was a party to.  The "option" identified was never exercised and does not constitute a legal option as there are no agreed terms for the option.

Without waiving its general and specific objections, Cot'n Wash will present witness(es) to testify about non-privileged information known by or reasonably available to Cot'n Wash regarding Topic 8.

**TOPIC 9**

All facts and circumstances relating to any due diligence performed by Plaintiffs on each other, the Patent-In-Suit, DCL, Pak-It LLC, 310 Holdings, Inc., and/or JBI, Inc., or any other entity that owned or licensed the Patent-In-Suit.

**Objection to Topic 9**

Cot'n Wash objects to Topic 9 to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Cot'n Wash is not aware of any due diligence that Cot'n Wash did on B3P or that B3P did on Cot'n Wash, so it has no witness to testify on that issue.

Cot'n Wash is not aware of any due diligence that it did on "DCL, Pak-It LLC, 310 Holdings, Inc., and/or JBI, Inc., or any other entity that owned or licensed the Patent-In-Suit."

Cot'n Wash is not aware of any due diligence performed by B3P related to the topic, so it cannot provide a witness regarding anything that B3P did, if anything, related to the topic.

Cot'n Wash objects to this topic as demanding information not reasonably calculated to lead to the discovery of admissible evidence or relevant to any liability issue as it is demanding information regarding "due diligence" on DCL, Pak-It LLC, 310 Holdings, Inc., and/or JBI, Inc., or any other entity that owned or licensed the Patent-In-Suit.   Absent an explanation of relevance, Cot'n Wash will not provide a witness on this topic.

Without waiving its general and specific objections, Cot'n Wash will present witness(es) to testify about non-privileged information known by or reasonably available to Cot'n Wash regarding Topic 9 as it relates to any due diligence that may have been conducted regarding the '319 Patent in connection with licensing the Patent-In-Suit.

**TOPIC 10**

All communications between Plaintiffs and third parties regarding this litigation.

**Objection to Topic 10**

Cot'n Wash objects to Topic 10 to the extent that it clearly seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Cot'n Wash objects to the extent Sun Products is demanding communications by B3P and third-parties which Cot'n Wash has no knowledge of.

Cot'n Wash further object to this topic because it is unreasonably overbroad because it is unclear what "[a]ll communications" are and Sun Products provides no definition.

Without waiving its general and specific objections, Cot'n Wash will present witness(es) to testify about non-privileged information known by or reasonably available to Cot'n Wash regarding Topic 10.

**TOPIC 11**

All communications between Plaintiffs and Lawrence Dickler.

**Objection to Topic 11**

Cot'n Wash objects to Topic 11 to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Cot'n Wash further object to this topic because it is unreasonably overbroad because it is unclear what "[a]ll communications" are and Sun Products provides no definition.

Cot'n Wash objects to the topic as demanding relevant information that is not relevant and reasonably calculated to lead to the discovery of admissible evidence, as "all communications" do not have to do with this action.

Cot'n Wash objects to the extent Sun Products is demanding communications by B3P about which Cot'n Wash has no knowledge.

Cot'n Wash further object to this topic because it is unreasonably overbroad because there is no limit to the scope of time involved.

Without waiving its general and specific objections, Cot'n Wash will present witness(es) to testify about non-privileged information known by or reasonably available to Cot'n Wash regarding Topic 11.

**TOPIC 12**

The existence of, location and ownership over time of documents relating to the research and development, conception and reduction to practice of the Patent-In-Suit and documents relating to the manufacture and testing of the examples of the Patent-In-Suit, including final disposition, storage, loss, or destruction of any such documents.

**Objection to Topic 12**

Cot'n Wash objects to Topic 12 to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Cot'n Wash further objects to this Topic as requesting information out of the control of Cot'n Wash and that should be sought from a third party.

Sun Products is demanding documents from about seventeen to eighteen years ago. Cot'n Wash is a licensee of the Patent-in- Suit and was not involved in obtaining the Patent-in-Suit and the existence of, location and ownership over time of documents relating to the research and development, conception and reduction to practice of the Patent-In-Suit and documents relating to the manufacture and testing of the examples of the Patent-In-Suit, including final disposition, storage, loss, or destruction of any such documents are more properly sought from another party.

Based on current information, Cot'n Wash has no information regarding Topic 12 so there is no testimony that it can provide.

**TOPIC 13**

Plaintiffs' policies, practices, and guidelines concerning the preservation of documents.

**Objection to Topic 13**

Cot'n Wash objects to Topic 13 to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Cot'n Wash further objects to this Topic as requesting information out of the control of Cot'n Wash and should be sought from a another party such as B3P, as Cot'n Wash has no information regarding B3P's "policies, practices, and guidelines concerning the preservation of documents."

Without waiving its general and specific objections, Cot'n Wash will present witness(es) to testify about non-privileged information known by or reasonably available to Cot'n Wash regarding Topic 13.

**TOPIC 14**

All steps taken by Plaintiffs to search for and produce documents and electronically stored information in connection with or in anticipation of this litigation.

**Objection to Topic 14**

Cot'n Wash objects to Topic 14 to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Cot'n Wash further objects to this Topic as requesting information out of the control of Cot'n Wash and should be sought from a another party, such as B3P, as Cot'n Wash has no information regarding steps taken by B3P. Cot'n Wash has explained its document production efforts on many occasions to Sun Products. If Sun Products has any further questions regarding the efforts, Sun Products should identify what additional information it wants, as providing a witness to repeat the information already provided to Sun Products is harassing.

**TOPIC 15**

The identification of the persons most knowledgeable regarding the topics contained in Attachment A.

**Objection to Topic 15**

Cot'n Wash incorporates by reference its objections to topics 1-14.   Subject to its objections, Cot'n Wash will provide a witness to testify on topic 15 if it has a person that has knowledge regarding topics 1-14.

**TOPIC 16**

All documents and things considered regarding the topics contained in Attachment A.

**Objection to Topic 16**

Cot'n Wash objects to topic 16 as unintelligible and vague.  Cot'n Wash cannot provide a witness to testify regarding an unintelligible and vague topic.

ROSENTHAL, MONHAIT & GODDESS, P.A.

Jessica Zeldin (Del. Bar No. 3558)
919 Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jzeldin@rmgglaw.com
*Attorneys for Plaintiffs*
*Cot'n Wash Inc. & Big 3 Packaging, LLC*

OF COUNSEL:

Michael J. Bonella
Jenna Pellecchia
Tod A. Kupstas
KESSLER, TOPAZ, MELTZER
& CHECK LLP
280 King of Prussia Road
Radnor, PA 19807
(610) 667-7706
mbonella@ktmc.com
jpellecchia@ktmc.com
tkupstas@ktmc.com

October 24, 2013