IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COT'N WASH, INC. and<br>BIG 3 PACKAGING, LLC, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civ. No. 12-651-SLR |
| THE SUN PRODUCTS<br>CORPORATION, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 14th day of September, 2015, having reviewed the motion for attorney fees and costs filed by The Sun Products Corporation ("defendant"), and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 248) is denied, for the reasons that follow:

1. **Background.** On May 23, 2012, Cot'N Wash Inc. and Big 3 Packaging, LLC (collectively, "plaintiffs") filed the above captioned suit alleging that defendant's unit dose laundry detergent products infringe U.S. Patent No. 6,037,319 ("the '319 patent"). On August 26, 2014, I issued a claim construction ruling and, based on my construction of the limitation "less than 7.5 wt. % water",[1] I granted defendant's motion for summary judgment of non-infringement. (D.I. 236, 237, 238) Having prevailed on that issue, defendant has moved for an order that plaintiffs' conduct in this litigation was

---

[1] Similarly, the limitation "less than 5.0 wt. % water."

exceptional and that an award of the fees and costs incurred in defending this action is warranted.

2. **Standard of review.** "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has explained in this regard that an "exceptional" case is "simply one that stands out from the others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The Court went on to define "exceptional" as "uncommon," "rare," or "not ordinary." *Id.* Defendant has the burden of showing the case is exceptional by a preponderance of the evidence. *Id.* at 1758.

3. District courts determine whether a case is exceptional on a case-by-case basis, considering the totality of the circumstances. Some factors to consider in this inquiry are "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6. Cases which may merit an award of attorney fees include "the rare case in which a party's unreasonable conduct - while not necessarily independently sanctionable - is nonetheless so 'exceptional' as to justify an award of fees" or "a case presenting either subjective bad faith or exceptionally meritless claims." *Id.* at 1757.

3. **Discussion.** I start my analysis with the observation that, to characterize a case as "exceptional," I would have to have experienced it as such and remembered it

as such. The above captioned litigation, while important to the parties, utterly fails this test. Indeed, in my experience, this case was a prototypical patent infringement case. Plaintiffs had a valid patent they wished to assert against competitors. A legitimate way for a patent holder to test the metes and bounds of its patent is to bring suit against an alleged infringer and engage in, *inter alia*, the claim construction process. The claim construction exercise is a legal one undertaken by a judge and, in reality, is not complete and correct until the Federal Circuit makes it so.

4. My recollection of this case, refreshed by my review of the papers, is that the core factual and legal issues were related and relatively subtle, that is, when should the required water content be measured, as formulated or thereafter? This issue was not so clear that I did not give it considerable thought.[2] The fact that I ultimately agreed with defendant's construction of the water content limitation does not mean that the issue and its resolution were extraordinary in nature.

5. Defendant asserts that it should be awarded at least the costs of responding to certain of plaintiffs' testing. Because this litigation proceeded under my former case management format, such testing went forward (in the context of expert discovery), as did the summary judgment exercise, before I opined on claim construction. Plaintiffs will not be required to pay the costs generated because of that process. Moreover, it is significant to note that I did not rely on the testing to enter judgment, and did not reach the *Daubert* issues upon which defendant now relies for its fee request. I decline to

---

[2]In my experience, it is not unusual for a patentee to assert the broadest possible interpretation of its patent, in order to generate the greatest economic benefit from its intellectual property. I believe that it truly should be an extraordinary case that puts patentees at risk for fees and costs when they follow this business model.

expend resources to resolve issues on the merits for the sole purpose of the pending § 285 motion.

6. **Conclusion.** Defendant prevailed in the above captioned case, but the case itself was not exceptional, i.e., it did not "stand[ ] out from others with respect to the substantive strength of [defendant's] litigation position . . . or the unreasonable manner is which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. Defendant's motion for an award of fees and costs pursuant to 35 U.S.C. § 285 (D.I. 248) is denied.

_____
United States District Judge